**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

<u>James Stile</u>

    v.                                  Civil No. 17-cv-406-JD

<u>David G. Dubois, Strafford
County Sheriff, et al.</u>[1]

**<u>REPORT AND RECOMMENDATION</u>**

    Before the court is plaintiff James Stile's complaint (Doc. No. 1) asserting claims against a number of employees and officers of Strafford County, New Hampshire; the Strafford County Department of Corrections ("SCDC"); the Strafford County Sheriff's Office ("SCSO"); and the U.S. Marshals Service ("USMS"), relating to events alleged to have occurred on September 5, 2014, while Stile was a federal pretrial detainee housed at the SCDC.  The matter is here for preliminary review pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(1).

---

[1]Defendants named in the Complaint (Doc. No. 1), in addition to Strafford County, are Strafford County Administrator Raymond Bower; Strafford County Sheriff David G. Dubois; Strafford County Sheriff's Office Deputies Kerrie Lee Clement and Ronald Dossett; (former) Strafford County Department of Corrections ("SCDC") Superintendent Bruce Pelkie; SCDC Cpl. Robert Farrell; SCDC Sgt. Hayden; and Alex Patnode, Dean Knightly, and Randy Ossinger, U.S. Marshals Service, District of Maine, all named in their individual and official capacities.

**Preliminary Review Standard**

The court conducts a preliminary review of prisoner complaints filed in forma pauperis.  See LR 4.3(d)(1); see also 28 U.S.C. §§ 1915(e)(2), 1915A.  In conducting its preliminary review, the court construes pro se complaints liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).  Stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief.'"  See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).  Claims may be dismissed if, among other things, the complaint fails to state a claim upon which relief may be granted.  See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); LR 4.3(d)(1)(A).

**Background**

In September 2014, Stile was in pretrial detention at the SCDC, awaiting a trial in a federal criminal case then pending in the District of Maine.  The SCDC had custody over Stile pursuant to an intergovernmental agreement between Strafford County and the USMS regarding the care and custody of federal pretrial detainees.

On September 5, 2014, Stile alleges, defendants SCDC Cpl. Robert Farrell and SCDC Sgt. Hayden handcuffed and shackled

Stile, and then dragged him to the SCDC garage sallyport, where officers were waiting to put Stile into a van for transport to a hearing in his criminal case in Maine.  Stile asserts that ten unnamed SCDC corrections officers ("COs") "assaulted and battered" him in the sallyport as they put him into the van. Stile further asserts that he suffered injuries including permanent scarring of his wrists and ankles as a result of being handcuffed, shackled, and forcefully placed in the van.

Stile alleges that the van at issue was an SCSO van, not properly outfitted for passenger transport, which was operated by SCSO Deputies Kerrie Lee Clement and Ronald Dossett.  Stile asserts that the van had bench seats without padding and lacked handholds and seatbelts.  Stile further asserts that Clement or Dossett, while driving the van, hit the gas and brake pedal alternately and swerved left and right, with the intent to harm him.  The officer's driving and the van's lack of safety features, Stile asserts, caused him to bounce against the walls of the van.  As a result, Stile alleges, he suffered cuts, abrasions, contusions, lumbar spinal injuries (exceeding the scope of his existing injuries), and scarring.  In addition, Stile asserts, defendants Clement and Dossett did not give Stile two doses of pain medication that he was scheduled to receive on the van rides to and from the Maine courthouse.

Stile states that upon his arrival at the courthouse, the USMS took custody of him without any defendant having ensured he received medical treatment for his injuries. Stile asserts that USMS agents wheeled him into the courtroom "covered in blood." Stile further asserts that his injuries were not treated "for days."

### **Claims**

Stile asserts the following claims for damages here:

1. SCDC corrections officers Farrell and Hayden used excessive force against Stile, in that Farrell and Hayden shackled and handcuffed Stile, and then dragged him to the SCDC garage sallyport on September 5, 2014:

> a. rendering Farrell and Hayden liable to Stile for violating Stile's Fourteenth Amendment right to due process, under 42 U.S.C. § 1983;
>
> b. rendering Farrell and Hayden liable to Stile for the intentional torts of assault and battery, under state law; and
>
> c. rendering Strafford County vicariously liable to Stile under state law for the SCDC officers' tortious conduct.

2. Defendants SCSO Deputies Clement and Dossett used excessive force against Stile, in that they operated the van on September 5, 2014 in a manner intending to make Stile (while handcuffed and shackled) bounce against the van walls, causing Stile to suffer pain and physical injuries:

> a. rendering Clement and Dossett liable to Stile under for violating Stile's Fourteenth Amendment right to due process, under 42 U.S.C. § 1983;
>
> b. rendering Clement and Dossett liable to Stile for (i) negligence; or (ii) the intentional torts of assault and battery, under state law; and

4

   c.   rendering Strafford County vicariously liable to
   Stile under state law for the SCSO deputies' tortious
   conduct.

3.   Defendants SCSO Deputies Clement and Dossett twice
failed to give Stile his pain medication on the van ride
between the SCDC and the Maine courthouse:

   a.   rendering Clement and Dossett liable to Stile for
   violating Stile's Fourteenth Amendment right to due
   process, under 42 U.S.C. § 1983;

   b.   rendering Clement and Dossett liable to Stile for
   negligence, under state law; and

   c.   rendering Strafford County vicariously liable to
   Stile under state law for their tortious conduct.

4.   SCSO Deputies Clement and Dossett allowed USMS agents
to take custody of Stile without first securing medical
attention for his wounds on September 5, 2014:

   a.   rendering Clement and Dossett liable to Stile
   under for violating Stile's Fourteenth Amendment due
   process rights, under 42 U.S.C. § 1983;

   b.   rendering Clement and Dossett liable to Stile for
   negligence, under state law; and

   c.   rendering Strafford County vicariously liable to
   Stile under state law for their tortious conduct.

5.   Stile's September 5, 2014 wounds were not treated for
days after those injuries were sustained:

   a.   rendering defendants liable to Stile for
   violating Stile's Fourteenth Amendment due process
   rights, under 42 U.S.C. § 1983;

   b.   rendering defendants liable to Stile for
   negligence under state law; and

   c.   rendering Strafford County vicariously liable to
   Stile under state law for the individual defendants'
   tortious conduct.

6.   SCDC Superintendent Pelkie (i.) authorized Farrell and Hayden to shackle, handcuff, and then drag Stile to the SCDC sallyport on September 5, 2014, and (ii.) failed to train Farrell and Hayden relating to the use of shackles and handcuffs:

   a.   rendering Pelkie liable to Stile for violating Stile's Fourteenth Amendment due process rights, under 42 U.S.C. § 1983;

   b.   rendering Strafford County liable to Stile for violating Stile's Fourteenth Amendment due process rights, under 42 U.S.C. § 1983;

   c.   rendering Pelkie liable to Stile for negligence, under state law; and

   d.   rendering Strafford County vicariously liable to Stile under state law for Pelkie's tortious conduct.

7.   Strafford County Sheriff David Dubois (i.) maintained a fleet of unsafe transport vans; and (ii.) failed to train defendants Clement and Dossett relating to the safe transport of detainees in the SCDC vans:

   a.   rendering Dubois liable to Stile for violating Stile's Fourteenth Amendment due process rights, under 42 U.S.C. § 1983;

   b.   rendering Strafford County liable to Stile for violating Stile's Fourteenth Amendment due process rights, under 42 U.S.C. § 1983;

   c.   rendering Dubois liable to Stile for negligence under state law; and

   d.   rendering Strafford County vicariously liable to Stile under state law for Dubois's tortious conduct.

8.   Defendants are liable to Stile for providing him with substandard care and unsafe transport, in light of their consent to the terms of the intergovernmental agreement between the USMS and Strafford County for the care, custody, and transport of federal pretrial detainees.

**Discussion**

I.  Claims to Be Served

The court finds that plaintiff has asserted sufficient facts to warrant service of the claims identified in this Report and Recommendation as Claims 1(a)-(c), 2(a)-(c), 6(a)-(d), and 7(a)-(d). In the Order issued on this date, the court has directed service of those claims against the defendants identified therein.

II. Denial of Medication (Claim 3(a))

In Claim 3(a), Stile has alleged that SCSO Deputies Clement and Dossett did not provide him with two doses of medication in the course of driving him to and from the federal courthouse in Bangor, Maine, a three-hour trip each way. The Fourteenth Amendment Due Process Clause prohibits conditions of confinement, including cases of inadequate medical care, that amount to pretrial punishment. See Bell v. Wolfish, 441 U.S. 520, 535 (1979). A claim of punitive conditions of pretrial confinement relating to medical care requires a showing of a "serious medical need." Miranda-Rivera v. Toledo-Davila, 813 F.3d 64, 74 (1st Cir. 2016). A serious medical need is "one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Id.

In addition to pleading facts relating to a serious medical need, an inmate alleging that defendant officers violated his Fourteenth Amendment right to medical care must plead facts regarding the officers' mens rea.  "'[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process.'"  Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472 (2015) (citation omitted) (emphasis in original).  The facts alleged regarding the officers' failure to provide Stile with two doses of prescribed medication over the course of six hours, without more, fails to state a claim of more than negligently inflicted harm.  Accordingly, the district judge should dismiss Claim 3(a), without prejudice, as insufficiently pleaded.

III. Other Delayed Treatment (Claims 4(a), 5(a))

Stile has asserted additional claims (Claims 4(a), 5(a)) alleging that defendants failed to take steps to ensure that injuries he received on September 5, 2014 were treated promptly.  Stile has not pleaded any facts, however, showing that the officers at issue knew that Stile had a serious medical need for treatment relating to those injuries.  Stile's assertions, without more, may state a claim of negligently inflicted harm, but do not state a Fourteenth Amendment medical care claim.

Accordingly, the district judge should dismiss Claims 4(a) and 5(a), without prejudice, as insufficiently pleaded.

IV. State Claims 3(b)-(c), 4(b)-(c), 5(b)-(c)

To prove defendants are liable for damages on the state tort claims relating to alleged delays in treating Stile's medical conditions, identified in this Report and Recommendation as Claims 3(b), 3(c), 4(b), 4(c), 5(b), and 5(c), would likely require the introduction of expert testimony and other evidence that would not be relevant as to any of the federal claims that this court has allowed to proceed.  The litigation of those state law tort claims would be likely to substantially predominate over the claims that are within this court's original jurisdiction.  Accordingly, the district judge should dismiss Claims 3(b), 3(c), 4(b), 4(c), 5(b), and 5(c), without prejudice, pursuant to 28 U.S.C. § 1367(c)(2).

V. Claims Based on Intergovernmental Agreement (Claim 8)

Stile has asserted that defendants, including Strafford County and the individual signatories to the intergovernmental agreement between the USMS and Strafford County (namely, defendants Bower, Knightly, Patnode, and Ossinger), are liable to him for executing the agreement, which resulted in the uses of force that Stile claims caused him injuries.  Stile's claim,

styled as a tort claim, is based on speculation regarding what might or might not have happened if a contract between the USMS and Strafford County had not existed. That claim is not legally cognizable, and the individual signatories to the agreement are not properly named as defendants to any claim in this action. The district judge should thus dismiss Claim 8, and Bower, Knightly, Patnode, and Ossinger should be dropped as defendants.[2]

## Conclusion

For the foregoing reasons, the district judge should dismiss Claims 3, 4, 5, and 8, including subparts, without

---

[2]The dismissal of Claim 8 would be without prejudice to Stile's ability to move to amend the Complaint to plead a breach of contract claim arising from Strafford County's alleged nonperformance of duties under specific provisions of the intergovernmental agreement, relating to Claims 1, 2, 6, and 7. See Zikianda v. Cty. of Albany, No. 1:12-CV-1194, 2015 U.S. Dist. LEXIS 122363, at *107-*108, 2015 WL 5510956, at *37 (N.D.N.Y. Sep. 15, 2015) (immigration detainee was intended beneficiary of intergovernmental agreement between U.S. Immigration and Customs Enforcement ("ICE") and county for provision of medical care to ICE detainees in county's custody); see also Melvin v. Cty. of Westchester, No. 14-CV-2995 (KMK), 2016 WL 1254394, at *22, 2016 U.S. Dist. LEXIS 41120, at *74-*75 (S.D.N.Y. Mar. 29, 2016) (citing cases). This court, lacking access to the specific agreement at issue, expresses no opinion at this time as to whether a proposed complaint amendment, including such a third party beneficiary contract claim, would survive the court's preliminary review. Cf. Brooks v. Trustees of Dartmouth Coll., 161 N.H. 685, 698, 20 A.3d 890, 900 (2011) (unless contract shows "'that the parties considered the third party's legal status and intended to confer upon him a right to sue,'" third party is deemed to be "incidental beneficiary" lacking standing to sue (citation omitted)).

prejudice. The district judge should also direct that defendants Raymond Bower, Alex Patnode, Dean Knightly, and Randy Ossinger be dropped as parties, as no cognizable claims are pending against them in this case.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen day period may be extended upon motion. Failure to file objections within the specified time waives the right to appeal the district court's order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                              _____
                                              Andrea K. Johnstone
                                              United States Magistrate Judge

April 12, 2018

cc:   James Stile, pro se

11