```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

James Stile

    v.                                                            Civil No. 17-cv-406-JD

David G. Dubois,
Strafford County Sheriff, et al.

## O R D E R

James Stile, proceeding pro se and in forma pauperis, brought suit against the Strafford County Sheriff and deputies in the Sheriff's office, Strafford County, the Strafford County Administrator, the Strafford County Department of Corrections Superintendent and officers, and officers with the United States Marshals Service in the District of Maine. His claims arose from an incident that occurred in September of 2014, while Stile was a pretrial detainee held at the Strafford County Department of Corrections awaiting trial in a federal criminal case in the District of Maine. On preliminary review, the magistrate judge issued a report and recommendation to dismiss Claims 3, 4, 5, and 8, and to allow Claims 1, 2, 6, and 7.

Stile filed an objection to the report and recommendation, addressing the recommendation to dismiss Claim 8. The defendants filed a response to the objection. Stile also filed a motion to amend the complaint to allege a claim for breach of contract based on a third-party beneficiary theory, as allowed

in the report and recommendation. The defendants object to the motion to amend on the ground that the proposed amendment would be futile.

I. Report and Recommendation

The magistrate judge's report and recommendation is reviewed by the district judge if an affected party objects. Fed. R. Civ. P. 72(b)(3). However, only those parts of a report and recommendation to which an objection is filed are subject to review. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Stile's objection is construed to argue that he is an intended third-party beneficiary of the agreement between the United States Marshals Service in the District of Maine and Strafford County through which federal detainees are housed at the Strafford County Department of Corrections. He further argues that the defendants breached the agreement by failing to provide a safe means of transporting him from the jail to a court hearing in Maine. Based on that theory, he contends that Claim 8 should have been allowed.

As is explained in the report and recommendation, Stile alleged a tort claim in Claim 8, not breach of an agreement to which he was a third-party beneficiary. The magistrate judge

explained the third-party beneficiary theory, citing Zikianda v. County of Albany, 2015 WL 5510956, at *36-*37 (W.D.N.Y. Sept. 15, 2015), and Melvin v. County of Westchester, 2016 WL 1254394, at *22 (S.D.N.Y. Mar. 29, 2016). In addition, the magistrate recommended that dismissal be without prejudice to amending the complaint. Stile has moved to amend.

Stile's objection has been considered but does not provide grounds to reject the recommendation to dismiss Claim 8. The report and recommendation is accepted.

II. Motion to Amend

Stile moves to amend his complaint to add a claim that the defendants breached the agreement to which he was a third-party beneficiary. The defendants object to the motion on the ground that the proposed amendment is futile because Stile did not allege sufficient facts to support the claim. The court may deny leave to amend if the proposed amendment fails to provide sufficient factual allegations, which when taken as true fail to state a plausible claim for relief. In re Curran, 855 F.3d 19, 28 (1st Cir. 2017).

In the proposed amended complaint, Stile alleges that the Marshals Service contracted with Strafford County to house him at the Strafford County House of Corrections and to provide transportation for him to medical and court appointments. He

further alleges that the contract was signed by the Strafford County Administrator and Officers Patnode, Knightly, and Ossinger of the Marshal's Service. He states that the contract "concern[ed] the custody and care of the Plaintiff James Stile." He alleges that the contract was breached when he was taken out of the jail by officers who were not trained or not properly trained, which resulted in injuries to him, and was then transported in a cargo van that lacked appropriate safety protections and minimum comforts, that did not comply with the requirements of state and federal law, that was operated by officers who were not trained or not properly trained, and that caused him to be injured during the ride.

The defendants contend that the claim is futile because Stile did not allege sufficient facts to show that he was an intended third-party beneficiary of the contract. In support, the defendants rely on the analysis of third-party beneficiary status in [Intergen N.V. v. Grina, 344 F.3d 134, 146 (1st Cir. 2003)](#), in which the court found that third-party beneficiary status did not exist to allow enforcement of an arbitration agreement. That analysis involved parsing the contractual relationships among families of corporate entities involved in energy production and their agreements to purchase and service certain equipment. The defendants did not sufficiently analogize that case to the circumstances here. Importantly, the

defendants did not address the cases cited by the magistrate judge, which involve third-party beneficiary status in the context of governmental contracts for detention services.

The defendants also mention the principle that government contracts generally do not support third-party beneficiary status. In addition, they state that Stile would be limited to contract damages, which the defendants argue do not exist. Those theories are insufficiently developed to show that the motion should be denied. As Stile points out, he does not yet have a copy of the contract, which he hopes to obtain through discovery, and the defendants did not provide a copy of the contract in support of their objection.

At this stage, Stile is allowed to amend his complaint by adding the proposed amended complaint as a supplement to the original complaint, as construed in the report and recommendation. Allowing the motion to amend, however, is without prejudice to the defendants' ability to move to dismiss the claim. The amended complaint adds Claim 9 which alleges that the defendants breached the contract between the United States Marshal's Service for the District of Maine and Strafford County by failing to provide safe care and custody for him which caused him to be injured in the process of transporting him from the jail for a court appointment on September 5, 2014.

Conclusion

    For the foregoing reasons, the magistrate judge's report

and recommendation (document no. 9) is approved and accepted.

    The plaintiff's motion to amend (document no. 18) is

granted, without prejudice to the defendants to move to dismiss,

if appropriate.  The proposed amended complaint filed with the

motion shall be docketed as the amended complaint.

    The operative complaint in this case is the original

complaint (document no. 1), Claims 1, 2, 6, and 7, and the

amended complaint, which adds Claim 9.

    SO ORDERED.


                                    _____
                                    Joseph A. DiClerico, Jr.
                                    United States District Judge


August 2, 2018

cc:  James Stiles, pro se
     Corey M. Belobrow, Esq.
     Brian J.S. Cullen, Esq.