```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

James Stile

   v.                                   Civil No. 17-cv-406-JD
                                             Opinion No. 2019 DNH 116
David G. Dubois, et al.


# O R D E R

James Stile, who is a federal prisoner proceeding pro se, brought claims that arose from an incident that occurred while he was being held at the Strafford County Department of Corrections ("SCDC"). Strafford County moves for summary judgment on Claim 9. Stile did not respond to the motion.

## Standard of Review

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Thomas v. Harrington, 909 F.3d 483, 490 (1st Cir. 2019). For purposes of summary judgment, the court considers the facts in the light most favorable to the plaintiffs and draws all reasonable inferences in their favor. Roy v. Correct Care Solutions, LLC, 914 F.3d 52, 57 (1st Cir. 2019). "An issue is genuine if it can be resolved in favor of either party, and a fact is material if it has the potential of affecting the

outcome of the case." Leite v. Gergeron, 911 F.3d 47, 52 (1st Cir. 2018) (internal quotation marks omitted). "A genuine issue of material fact only exists if a reasonable factfinder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Town of Westport v. Monsanto Co., 877 F.3d 58, 64-65 (1st Cir. 2017) (internal quotation marks omitted); Flood v. Bank of Am. Corp., 780 F.3d 1, 7 (1st Cir. 2015).

## Background

Stile's claims arise from the circumstances and events that occurred on September 5, 2014, when he was taken from his cell at the SCDC and transported to Portland, Maine, for a hearing in his criminal case. At that time, Stile was a federal pretrial detainee who was in the custody of the SCDC pursuant to an agreement with the United States Marshals Service. Stile alleges that the officers involved in moving and transporting him used excessive force, which breached the agreement between the Marshals Service and Strafford County.

The agreement between the Marshals Service and Strafford County ("housing agreement"), which is Agreement Number 49-99-0104, was signed in November of 2010 by Raymond F. Bower, Administrator, on behalf of Strafford County, and in December of

2010 by Renita L. Barbee, Grants Specialist, on behalf of the Marshals Service. The housing agreement states that it "is for the housing, safekeeping, and subsistence of federal prisoners, in accordance with content set forth herein." Doc. 78-3, at *1. It also provides for transportation for medical services and to a United States Courthouse. Id. The housing agreement further states that its purpose is to allow "the United States Marshals Service (USMS) to house federal detainees with the Local Government at the STRAFFORD COUNTY Jail 266 COUNTY FARM RD Dover, NH 03820 (herein referred to as 'the facility')." Doc. 78-3, at *3.

Strafford County provides an excerpt from the United States Marshals Service FY 2014 Performance Budget President's Budget, Salaries & Expenses and Construction Appropriations, dated April of 2013. The excerpt provided states: "The USMS is also responsible for transporting prisoners to and from judicial proceedings." Doc. 80-2, at 3. The excerpt explains that some jails will provide transportation for federal prisoners to and from courthouses under the Intergovernmental Agreements such as the housing agreement in this case. Deputy United States Marshals "arrange with jails to prepare prisoners for transport, search prisoners prior to transport, and properly restrain prisoners during transportation." Id. The excerpt shows that

the Marshals Service requested $254,166.00 for prisoner security and transportation for 2014.

## Discussion

Strafford County moves for summary judgment on Claim 9:

> 9. Strafford County and the United States Marshals Service for the District of Maine entered an agreement to house federal pretrial detainees at the Strafford County Department of Corrections and to provide transportation to detainees, including Stile, for medical and court appointments.  Stile was an intended third-party beneficiary of that agreement.  Strafford County and the Marshals Service breached the agreement when Stile was transported by officers who were not trained or not properly trained in a cargo van that lacked appropriate safety protections and minimum comforts and did not comply with the requirements of state and federal law, which caused Stile to be injured.

In support, Strafford County contends that the claim fails because Stile was not a party to the agreement and was not a third-party beneficiary of the agreement.  Strafford County relies on federal common law pertaining to third-party beneficiary status to interpret the agreement.

Federal common law governs claims involving the "obligations to and rights of the United States under its contracts." Boyle v. United Techs. Corp., 487 U.S. 500, 504 (1988); see also Prairie Land Holdings, L.L.C. v. Fed. Aviation Admin., 919 F.3d 1060,1062 (8th Cir. 2019).  On the other hand, the Supreme Court has held that federal common law does not

preempt state law when the issue is "whether petitioners as third-party beneficiaries of the contacts [between the county and the Federal Aviation Administration] have standing to sue [the county]." Miree v. DeKalb County, 433 U.S. 25, 29 (1977). When a breach of contract claim "will have no direct effect upon the United States or its treasury," there is no need to apply federal common law. Id.

In this case, the Marshals Service was party, and Stile brought the same breach of contract claim against it. The court has dismissed the claim against the Marshals Service, however, for lack of jurisdiction. Therefore, resolution of Claim 9 against Strafford County will have no effect on the Marshals Service or the United States Treasury.

While it appears that state law should govern the resolution of Claim 9 as to Strafford County, it also appears that there is no material difference between the law of New Hampshire and federal common law on the issue of third-party beneficiary status. Both follow the Restatement (Second) of Contracts. See South Shore Hellenic Church, Inc. v. Artech Church Interiors, Inc., 183 F. Supp. 3d 187 234 (D. Mass. 2016) (federal common law); Brooks v. Trs. of Dartmouth Coll., 161 N.H. 685, 697-98 (2011) (New Hampshire law). Therefore, the court will follow New Hampshire law, with appropriate references to federal common law as may be necessary.

Under New Hampshire law, "[a] third-party beneficiary relationship exists if: (1) the contract calls for a performance by the promisor, which will satisfy some obligation owed by the promisee; or (2) the contract is so expressed as to give the promisor reason to know that a benefit to a third party is contemplated by the promisee as one of the motivating causes of his making the contract." Brooks, 161 N.H. at 697. That relationship exists, however, only if the parties intended the third party to have the right to enforce the contract, which ordinarily must be expressed in the contract. Id.; Sears Roebuck & Co. v. S/S Lebanon LLC, 2017 DNH 185, 2017 WL 3913218, at *3 (D.N.H. Sept. 6, 2017).

To establish a third-party beneficiary relationship, performance under the contract must directly benefit the third party, and it is not enough if the third party is only an incidental beneficiary. Brooks, 161 N.H. at 698. A presumption exists that even when third parties benefit from a government contract they are merely incidental beneficiaries, who cannot enforce the contract. MacKenzie v. Flagstar Bank, FSB, 738 F.3d 486, 491 (1st Cir. 2013). To overcome the presumption, a plaintiff must show that "a different intention is manifested." Id.

Federal courts in New York have found under New York law that federal detainees had third-party beneficiary status to

6

enforce housing agreements between the Marshals Service and county jails for providing medical care.  See Melvin v. County of Westchester, 2016 WL 1254394, at *22 (S.D.N.Y. Mar. 29, 2016)[1]; Zikianda v. County of Albany, 2015 WL 5510956, at *36-*37 (N.D.N.Y. Sept. 15, 2015).  In other cases, courts have found that the housing agreements do not provide third-party beneficiary status to the plaintiffs.  Murphy v. Cen. Falls Detention Facility Corp., 2015 WL 1969178, at *13 (D.R.I. Apr. 30, 2015); Cash v. United States, 2015 WL 194353, at *3 (Fed. Cl. Jan. 13, 2015).  As noted by Strafford County, in Zeigler v. Correct Care Sys., 2018 WL 1470786, at *4 (M.D. Pa. Mar. 26, 2018), the court cited cases from New Jersey and Pennsylvania in which prisoners were found not to be third-party beneficiaries of contracts to provide medical services to prisoners.

Here, the housing agreement includes no express or implied intent that federal detainees at SCDC, like Stile, are able to enforce its provisions against Strafford County.  The section of the agreement pertaining to transportation of detainees from the SCDC to a courthouse addresses the qualification of personnel to provide transport services, the security for transport, how the transport is ordered, to whom detainees are released, the

---

[1] The Southern District of New York recently granted summary judgment in favor of the county jail on the breach of contract claim.  Melvin v. County of Westchester, 2019 WL 1227903, at *15 (S.D.N.Y. Mar. 15, 2019).

restraint of detainees during transport with handcuffs, waist chains, and leg irons, and reimbursement. Those requirements are not for the benefit of the detainee, but instead are intended to maintain the secure detention of detainees during transport for the benefit of the Marshals Service.

In the absence of any intent to allow federal detainees to enforce the housing agreements for purposes of transport, Stile does not have third-party beneficiary status to enforce the agreement through his breach of contract claim.

## Conclusion

For the foregoing reasons, Strafford County's motion for summary judgment on Claim 9 (document no. 80) is granted.

SO ORDERED.

Joseph A. DiClerico, Jr.
United States District Judge

July 24, 2019

cc: James Stile, pro se
    Corey M. Belobrow, Esq.
    Brian J.S. Cullen, Esq.
    Michael T. McCormack, Esq.